NOYES v. HALL.

Words spoken of a person, which impute to him a crime punishable by law, are actionable, although no special damage is alleged or proved.

CASE, for slanderous words spoken by the defendant of the plaintiff, a married woman. The declaration charged, and the evidence tended to show, that in an altercation between the parties the defendant called the plaintiff a whore. There was no

allegation and no evidence of special damage. Verdict for the plaintiff. Motion by the defendant in arrest of judgment, because the words proved to have been spoken are not actionable without proof of special damage. Motion denied, and the defendant excepted.

*Sulloway, Topliff & O'Connor*, for the defendant.

*Copeland & Dodge*, for the plaintiff.

SMITH, J. At common law an action on the case might be had, without alleging or proving special damages, for scandalous words that might endanger a person by subjecting him to the penalties of the law. It was sufficient that there was a probability that damage might happen. Charging a person with being an adulterer was not of itself actionable, any more than calling him a heretic. Such acts were considered scandals concerning matters merely spiritual, and were cognizable only in the ecclesiastical court. Hence no action at law would lie unless temporal damage ensued, when the injured person might bring his action laid with a *per quod*. 3 Bl. Com. 124, 125.

*Woodbury* v. *Thompson*, 3 N. H. 194, decided in 1825, was case for slander, the words uttered imputing to the plaintiff, who was a woman, the crime of fornication. It was held that the statute of 1791 punishing the crime of fornication did not apply to women, and therefore the words charging a woman with fornication were not in themselves actionable in this state. But it was said, if the statute could be construed to include women and render them liable to the punishment it prescribed, it would not seem to admit a doubt that the words laid in the action were of themselves actionable. In 1829 the statute punishing the crimes of adultery and fornication was changed so as to include women (Laws, ed. 1830, *pp.* 147, 148), and has remained without substantial change to the present time. G. L., *c.* 274, *ss.* 1, 4. As the words spoken of the plaintiff by the defendant imputed to her a crime punishable by law, they are actionable of themselves, and special damage need not be alleged or proved. *Symonds* v. *Carter*, 32 N. H. 458; *Edgerley* v. *Swain*, 32 N. H. 478; *Robinson* v. *Keyser*, 22 N. H. 323; *Sturtevant* v. *Root*, 27 N. H. 69; *Smart* v. *Blanchard*, 42 N. H. 137; *Palmer* v. *Concord*, 48 N. H. 211.

*Exceptions overruled.*

STANLEY J., did not sit: the others concurred.